# United States Court of Appeals
## For the First Circuit

No. 08-1380

NORMAN LAURENCE,

Plaintiff, Appellant,

v.

A.T. WALL, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Mary M. Lisi, U.S. District Judge]

[Hon. Jacob Hagopian, Recalled U.S. Magistrate Judge]

Before

Lipez, Selya and Howard,
Circuit Judges.

Norman Laurence on brief pro se.

December 24, 2008

**Per Curiam**. Pro se appellant Norman Laurence, incarcerated in the Adult Correctional Institution of the Rhode Island Department of Corrections, appeals from a sua sponte order of the district court dismissing his civil rights complaint, without prejudice, for failure to effect timely service of process. For the reasons explained below, we vacate the district court's order and remand this matter.

On March 5, 2007, Laurence filed his suit in the United States District Court for the District of Rhode Island, along with his motion to proceed in forma pauperis ("IFP"). Appellant's IFP motion was granted, but the magistrate judge recommended that appellant's complaint be dismissed for failure to contain a short and plain statement of the claim entitling him to relief under Fed. R. Civ. P. 8(a)(2). Laurence moved to amend his complaint and, in due course, on September 4, 2007, his second amended complaint was docketed.

The district court entered an order directing the clerk to send Laurence "the appropriate materials/forms/letters so that he may effect service" on each named defendant and informing Laurence that he must serve each of the defendants within 120 days under Fed. R. Civ. P. 4(m). By letter, the clerk instructed Laurence to serve the summons, complaint, two copies of the waiver form, and a self-addressed return envelope, on each of the more than 50 named defendants, all prison employees, through the

-2-

prison's interdepartmental mail system. Neither the district court's order nor the clerk's letter mentioned 28 U.S.C. § 1915(d) or Fed. R. Civ. P. 4(c)(3).

Section 1915(d) provides that "[t]he officers of the court shall issue and serve all process and perform all duties" for plaintiffs granted IFP status. Fed. R. Civ. P. 4(c)(3) provides that the district court "must" order service by the U.S. Marshal if the plaintiff is authorized to proceed IFP under 28 U.S.C. § 1915. Apparently unaware of section 1915(d) or Rule 4(c)(3), pursuant to the court's order and the clerk's instructions, Laurence undertook to assemble the summonses, copies of his complaint and waivers, as well as a return envelope, for service on over 50 defendants by interdepartmental mail. For reasons that are not wholly clear from the record, Laurence failed to effect service on any defendant within the 120 days specified by Rule 4(m).

On February 26, 2008, after reviewing Laurence's "offer of proof" explaining the difficulties he faced attempting to serve the defendants, the magistrate judge recommended that Laurence's complaint be dismissed for insufficiency of process. In his timely objection to the magistrate judge's report and recommendation, Laurence requested "that I be allowed to have all defendants served by the U.S. Marshals office" and he requested additional time in which to serve his complaint. On March 11, 2008, the district court dismissed Laurence's amended complaint, without prejudice,

because Laurence "failed to serve properly a single defendant in this case."  The district court did not address Laurence's request for additional time or for service by the United States Marshal. We review for abuse of discretion.  Lindsey v. U.S. Railroad Retirement Bd., 101 F.3d 444, 445 (5th Cir. 1996).

Under Rule 4(m) of the Federal Rules of Civil Procedure, when a plaintiff shows "good cause" for failing to effect service within 120 days after the complaint is filed, "the court must extend the time for service for an appropriate period."  Each of the appeals courts that have addressed the question have found that a plaintiff proceeding IFP shows good cause when either the district court or the United States Marshals Service fails to fulfill its obligations under section 1915(d) and Rule 4(c)(3). E.g., Olsen v. Mapes, 333 F.3d 1199, 1204 (10th Cir. 2003); Lindsey, 101 F.3d at 447; Byrd v. Stone, 94 F.3d 217, 219-20 (6th Cir. 1996); Welch v. Folsom, 925 F.2d 666, 670 (3d Cir. 1991) (Alito, J.); Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990). We join our sister circuits in so holding.

To the extent that some of our sister circuits suggest that the IFP plaintiff must request service of process by the United States Marshal or take other affirmative action to ensure that service is effectuated, e.g., Romandette v. Weetabix Co., Inc., 807 F.2d 309, 311 (2d Cir. 1986), we believe that under the plain language of section 1915(d) and Rule 4(c)(3), it is not

-4-

necessary for the IFP plaintiff to request service of process by the United States Marshal.[1]  The IFP plaintiff is, however, required to cooperate with the court and the United States Marshal in effectuating service, including providing the addresses of the named defendants, if needed, and completing any necessary paperwork and forms.

On the record before us, we find that the district court abused its discretion in dismissing Laurence's amended complaint for insufficiency of process.  The district court's judgment is **vacated**, and the matter is **remanded** for proceedings consistent with this opinion.

**So ordered.**

---

[1]  The practice in the district courts of Massachusetts, New Hampshire, and Puerto Rico appears not to require the IFP plaintiff to make such a request.  We note that unlike these district courts, the website for the district court of Rhode Island contains no instructions or guides for the pro se plaintiff and the court's Local Rules do not explain Rule 4(c)(3).  To the extent that the district court of Maine requires the IFP plaintiff to file a motion to request service by the U.S. Marshal, that practice is no longer permitted under today's ruling.