NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-1562, 2009-1073, -1074, -1092, -1153

ALFRED T. FRASER,

Plaintiff-Appellant,

and

PAUL J. FRASER,

Plaintiff-Appellant,

v.

HIGH LINER FOODS (USA), INC.,

Defendant-Appellee,

and

VAN DE KAMPS, MRS. PAUL'S,
and PINNACLE FOODS GROUP LLC,

Defendants-Appellees,

and

UNITED NATURAL FOODS, INC. (also known as Natural Sea),

Defendant-Appellee,

and

GORTONS and ROCHE BROS. SUPERMARKET, INC.,

Defendants-Appellees,

and

CONAGRA FOODS, INC.,

Defendant-Appellee,

and

GOOD HARBOR FILLET COMPANY, INC.
and MIDSHIP SEAFOOD, INC.,

Defendants-Appellees.

Alfred T. Fraser, of Medway, Massachusetts, and Paul J. Fraser, of Boston, Massachusetts, pro se.

Ira J. Levy, Goodwin Procter LLP, of New York, New York, for defendant-appellee High Liner Foods (USA), Inc. Of counsel was Sheryl Koval Garko of Boston, Massachusetts.

Charles A. Bieneman, Rader, Fishman & Grauer PLLC, of Bloomfield Hills, Michigan, for defendants-appellees Van de Kamps, et al. With him on the brief was Michael B. Stewart.

Charles S. Beal, Beal Law, LLC, of Providence, Rhode Island, for defendant-appellee United Natural Foods, Inc.

Sarah C. Columbia, McDermott, Will & Emery, of Boston, Massachusetts, for defendants-appellees Gortons, et al. With her on the brief was Jeffrey F. Webb.

Joshua M. Dalton, Bingham McCutchen LLP, of Boston, Massachusetts, for defendant-appellee ConAgra Foods, Inc. Of counsel on the brief was Lawrence T. Stanley, Jr.

Joseph J. Koltun, Craig and Macauley Professional Corporation, of Boston, Massachusetts, for defendants-appellees Good Harbor Fillet Company, Inc., et al.

Appealed from: United States District Court for the District of Massachusetts

Judge Rya W. Zobel

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-1562, 2009-1073, -1074, -1092, -1153

ALFRED T. FRASER,

Plaintiff-Appellant,

and

PAUL J. FRASER,

Plaintiff-Appellant

v.

HIGH LINER FOODS (USA), INC.,

Defendant-Appellee,

and

VAN DE KAMPS, MRS. PAUL'S,
and PINNACLE FOODS GROUP LLC,

Defendants-Appellees,

and

UNITED NATURAL FOODS, INC. (also known as Natural Sea),

Defendant-Appellee,

and

GORTONS and ROCHE BROS. SUPERMARKET, INC.,

Defendants-Appellees,

and

CONAGRA FOODS, INC.,

Defendant-Appellee,

and

GOOD HARBOR FILLET COMPANY, INC. and MIDSHIP SEAFOOD, INC.,

Defendants-Appellees

On appeal from the United States District Court for the District of Massachusetts in Case No. 06-CV-11644, Judge Rya W. Zobel.

_____

DECIDED: July 8, 2009

_____

Before MICHEL, <u>Chief Judge</u>, RADER, and PROST, <u>Circuit Judges</u>.

PER CURIAM.

The United States District Court for the District of Massachusetts entered summary judgment against some defendants and dismissed the rest of the suit for patent infringement. <u>Fraser v. High Liner Foods, Inc.</u>, No. 06-11644-RWZ (D. Mass. Nov. 18, 2008). Because the district court properly granted summary judgment and did not abuse its discretion in dismissing Appellants' complaint as to other defendants or in awarding sanctions, this court affirms.

I.

In September 2006, Alfred and Paul Fraser, the Appellants, acting <u>pro se</u>, sued eleven defendants alleging infringement of their expired U.S. Patent No. 4,781,930 ('930 patent). This patent contains a single claim to a method of preparing a fish product.

In the ensuing months, two defendants, Midship Seafood, Inc. (Midship) and Good Harbor Fillet Company (Good Harbor), moved to dismiss based on their prior statutory dissolution. Five defendants – High Liner Foods (USA), Inc. (High Liner), Pinnacle Foods Group LLC (Pinnacle), Gorton's, Inc. (Gorton's), Roche Brothers

Supermarket, Inc. (Roche Bros.), and ConAgra Foods, Inc. (ConAgra) – moved for summary judgment of non-infringement. Several defendants moved for sanctions under Fed. R. Civ. P. 11 based on Appellants' alleged failure to conduct a reasonable pre-suit investigation.

The district court treated several of the motions to dismiss, supported by affidavits, as motions for summary judgment. After a hearing, on July 10, 2008, the district court granted summary judgment of non-infringement to Pinnacle, High Liner, and ConAgra, and summary judgment based on prior dissolution to Midship and Good Harbor. The district court also dismissed the case <u>sua sponte</u> against another defendant, National Fish & Seafood, Inc. (National Fish), for improper service. The court further granted sanctions under Rule 11 to each of the moving defendants.

The district court also held that, while Gorton's and Roche Bros. do not infringe the '930 patent with their current processes, the record was not clear whether they had used their non-infringing processes for the entire damages period. For that reason, the district court denied these parties' motion for summary judgment without prejudice and temporarily denied their motions for sanctions. Finally, as to defendant United Natural Foods, Inc. (UNFI), the district court noted that Appellants still had not filed proof of service, and ordered Appellants to file such proof within fourteen days of the order.

Following the July 10 order, Appellants filed a motion for a "new trial and recusal of the judge," along with an amended complaint against Gorton's and Roche Bros. Gorton's and Roche Bros. next moved to dismiss the amended complaint, or in the alternative, for summary judgment, attaching supplemental declarations clarifying that they had used the methods found to be non-infringing for the entire damages period.

On October 10, 2008, the district court denied Appellants' motion for a new trial and recusal, granted summary judgment of non-infringement to Gorton's and Roche Bros., and awarded Rule 11 sanctions to these defendants. Under its earlier warning, the court also dismissed the case against UNFI based on Appellants' continued failure to show proof of service. On November 18, 2008, the district court entered final judgment against Appellants. This court has consolidated Appellants' numerous appeals of the district court's orders, and has jurisdiction under 28 U.S.C. § 1295.

II.

Under the law of the Court of Appeals for the First Circuit, this court reviews a grant of summary judgment without deference, viewing the record in the light most favorable to the non-moving party. Rivera-Marcano v. Normeat Royal Dane Quality A/S, 998 F.2d 34, 37 (1st Cir. 1993).

The patent laws prohibit recovery of damages for infringement committed more than six years before the filing of a complaint. 35 U.S.C. § 286. Because Appellants commenced this suit on September 12, 2006, any recoverable acts of infringement must have occurred after that date in 2000. The undisputed record shows that Midship was statutorily dissolved on May 16, 1999, and that it has not conducted any business since May 1999. Appellants state in a conclusory manner that the trial court was "wrong" to hold that § 286 precludes recovery against Midship, but offer no evidence to rebut the factual evidence clearly demonstrating the company's dissolution more than seven years before the initiation of this suit. The trial court thus properly granted summary judgment in favor of Midship.

With regard to Good Harbor, the company commenced proceedings under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Massachusetts on June 1, 2004. On October 27, 2005, that court entered an order confirming Good Harbor's First Amended Plan of Reorganization. Paragraph 14 of this order provides for the sale of all assets of Good Harbor and the release of all claims against it. Paragraph 12 permanently enjoins further claims against the assets of the company. On February 16, 2006, Good Harbor filed articles of dissolution with the Secretary of the Commonwealth in Massachusetts. In their reply brief, Appellants complain that they were given no notice of the bankruptcy proceeding, as though notice were somehow relevant to the viability of their claim against the dissolved company. But Appellants offer no facts, let alone material facts, to rebut the district court's finding that their claims are statutorily foreclosed. Viewing the evidence in a light most favorable to Appellants, summary judgment in favor of Good Harbor was thus also proper.

III.

This court next addresses the district court's dismissal of Appellants' suit against defendant UNFI for failure to comply with Fed. R. Civ. P. 4. The Court of Appeals for the First Circuit reviews a trial court's dismissal of a plaintiff's complaint for failure to timely serve a defendant for an abuse of discretion. See Laurence v. Wall, 551 F.3d 92, 94 (1st Cir. 2008).

In its July 10, 2008 order, the district court noted that UNFI was one of the defendants whose name Appellants had gotten wrong, and that Appellants' attempted service of UNFI had been improper and ineffective. UNFI had earlier moved to dismiss

for insufficiency of process and for failure to name a proper party. In its November 26, 2007 order, the district court had ordered Appellants to amend their complaint to name the proper defendant and to serve the defendant by December 5, 2007. The July 10, 2008 order required Appellants to file proof that service had been properly effectuated prior to December 5, 2007. On October 10, 2008, the district court, noting that the docket sheet reflected no filing that would comply with these orders, dismissed the complaint against UNFI.

The record indisputably shows that UNFI was never properly served with a summons and complaint in this matter, nor did UNFI waive service. The record shows, at best, that Appellants attempted to serve UNFI on September 5, 2007 by leaving copies of certain documents at the office of UNFI with an employee who did not fall into any of the categories of employees that could properly be served under the Federal Rules or the parallel state rules of procedure. The purported summons did not identify any individual by either name or title, was addressed to the non-existent entity "Natural Sea Natural Food Systems," and otherwise did not satisfy the specific dictates of Rule 4. Moreover, Appellants never filed a proof of service with the district court, despite many opportunities, warnings, and extensions of time to do so. Given Appellants' failure to avail themselves of every possible lenience to comply with Rule 4 and the district court's orders, the district court did not abuse its discretion in dismissing the plaintiff's complaint against UNFI.

IV.

Appellants also appear to appeal the district court's dismissal of their claims against defendant National Fish, though their arguments in this regard are unclear. As

of August 28, 2007 – nearly one year after Appellants commenced this action – they had not effectuated service on National Fish. On August 28, 2007, the district court issued an order requiring Appellants to show cause by September 14, 2007 why their complaint against National Fish should not be dismissed. Appellants then filed an affidavit of service stating that they had served National Fish on or about September 4, 2007. However, the document indicated merely that service was made by leaving the summons and complaint with "girl at front desk." In its July 10, 2008 order, the district court dismissed the complaint against National Fish <u>sua sponte</u>.

This court perceives no abuse of discretion in the district court's dismissal as to National Fish. Appellants do not appear to dispute that they failed to serve National Fish within 120 days of the time they filed this action, nor do they dispute that their eventual purported service of National Fish was improper. A return of service merely noting delivery to "girl at front disk" does not comply with the strictures of Fed. R. Civ. P. 4(h) or Mass. R. Civ. P. 4(d)(2) with respect to service on a corporation. Accordingly, this court affirms the district court's dismissal of claims against National Fish.

V.

The patentees further appeal the district court's grant of summary judgment of non-infringement in favor of five defendants. The expired '930 patent has a single claim:

> A method of preparing a fish product comprising filleting a fish to appropriate thickness, immediately immersing the filleted fish in a vegetable oil for a period of 5 to 10 minutes at room temperature to effect absorption of the oil to a depth such as to inhibit excretion of the natural fluids from the fillet and prevent incursion of air and moisture, draining the excess oil from the surface, covering the surface with crumbs and then freezing the fillet.

As the claim states, the method requires immersing a fish fillet in room temperature vegetable oil for five to ten minutes, covering the fillet with crumbs, and then freezing. The district court carefully analyzed the evidence regarding defendants' accused processes and concluded on summary judgment that Gorton's, Roche Bros., ConAgra, High Liner, and Pinnacle did not infringe, literally or by equivalents.

"Summary judgment on the issue of infringement is proper when no reasonable jury could find that every limitation recited in a properly construed claim either is or is not found in the accused device either literally or under the doctrine of equivalents." PC Connector Solutions LLC v. SmartDisk Corp., 406 F.3d 1359, 1364 (Fed. Cir. 2005). Although infringement under the doctrine of equivalents is a question of fact, "[w]here the evidence is such that no reasonable jury could determine two elements to be equivalent, district courts are obliged to grant partial or complete summary judgment." DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc., 469 F.3d 1005, 1013, 1017 (Fed. Cir. 2006) (quoting Warner-Jenkinson Co. v. Hilton Davis Chem. Co., 520 U.S. 17, 39 n.8 (1997)).

This court's review of the record reveals vast differences between Appellants' claimed method and the methods of the five appellees. Appellants' theory of infringement requires ignoring not only the precise order of steps of the claimed method, but entire claim elements altogether.  As the district court correctly found, the prosecution history of the '930 patent requires respecting the order of the claimed steps. Appellants obtained allowance of their claim only after distinguishing the prior art based on the claimed step of immersing the fillet in oil for a period of five to ten minutes immediately following filleting.

As for literal infringement, the unrebutted record shows the complete absence of at least two limitations of the asserted claim in all the five appellees' processes. None of the five appellees immerse their frozen fish products in a vegetable oil for a period of 5 to 10 minutes at room temperature. Further, none of these appellees begin preparing frozen fish fillets using fresh fillets. Other than Roche Bros.' never-frozen products, all of the subject processing is done on already frozen fillets. Indeed, Appellants appear to have conceded at the conclusion of the district court's summary judgment hearing that their theory of infringement would have to rest on equivalents, rather than literal infringement. See Hr'g Tr. 49:8-10, Feb. 21, 2008 (". . . we wouldn't have been here unless we honestly felt that there was an equivalency to our situation . . . .").

Appellants instead seem to base their appeal on the district court's alleged error in holding that the five appellees do not infringe under the doctrine of equivalents. See Appellants' Br. 2 ("The trial court did not properly apply the Doctrine of Equivalents by failing to let a jury decide disputed issues of fact."). However, simply stating that there are disputed issues of fact regarding infringement by equivalents does not suffice to show that such issues actually exist. This court's review of the record shows that Appellants' theory of equivalents infringement rests on the false belief that the mere presence of vegetable oil in the list of ingredients in a fish product is sufficient to warrant liability – without consideration of the condition of the fish when processing begins, the required period of immersion, or the temperature of the oil and the fish. Appellants do not grapple at all with their statements during prosecution which the trial court properly held to limit the scope of their claims. Thus, Appellants' conclusory and unsupported allegations that appellees' processes infringe under the doctrine of equivalents must be

9

rejected.  See Welch v. Ciampa, 542 F.3d 927, 935 (1st Cir. 2008) ("Although we give the nonmoving party the benefit of all reasonable inferences, a party cannot rest on 'conclusory allegations, improbable inferences, [or] unsupported speculation' to defeat a motion for summary judgment.") (quoting McCarthy v. NW Airlines, Inc., 56 F.3d 313, 315 (1st Cir. 1995)).

Nor does this court find that the trial court "deprived Appellants of the opportunity to have discovery."  Appellants' Br. 1.  Appellants did not file a timely paper with the district court asserting the need for further discovery under Fed. R. Civ. P. 56(f).  Even taking into consideration their pro se status, the district court was not obligated to entertain Appellants' fishing expedition for material facts.  See Paterson-Leitch Co. v. Mass. Municipal Wholesale Elec. Co., 840 F.2d 985, 989 (1st Cir. 1988) ("cryptic allusions [that] fail[] to set out any basis for believing that some discoverable material facts . . . exist" are "entirely insufficient to extract the balm of Rule 56(f)").

Accordingly, this court affirms the grant of summary judgment of non-infringement in favor of Gorton's, Roche Bros., ConAgra, High Liner, and Pinnacle.

VI.

Finally, this court turns to the district court's award of sanctions against Appellants under Fed. R. Civ. P. 11.  The district court noted that Appellants did not provide any of the defendants with any notice of their patent, that they did not question any defendant concerning the manner of fish processing, and in the case of Midship and Good Harbor, that they did not even inquire as to the existence of these defendants prior to bringing suit.  The record shows that Appellants proceeded to file suit without ascertaining correct names of some defendants.  Despite detailed letters from counsel

for various defendants explaining their clients' processes and pointing out the differences between those processes and the patented process, Appellants continued to press forth the litigation. Appellants continued despite the district court's clear explanation at a hearing that they could not prove infringement merely by proving the presence of oil as an ingredient on the list of the products at issue.

As the district court found:

> Plaintiffs have put defendants to great expense not only by bringing the lawsuit, but then prosecuting it with procedural misstep after procedural misstep and willful misunderstanding of the concept of infringement. Whether plaintiffs were ill-advised, ignorant or obstinate, they failed to heed ample evidence of the futility of their hunt and rejected numerous opportunities to reevaluate their untenable position.

Fraser v. High Liner Foods, Inc., No. 06-11644-RWZ, slip op. at 17 (D. Mass. July 10, 2008). This court has thoroughly reviewed the record and discerns no abuse of discretion in the district court's award of sanctions in the modest amount of $500 per defendant against Appellants.

## CONCLUSION

This court has considered Plaintiffs' additional arguments on appeal and finds them unavailing. For the reasons stated above, this court affirms the judgment of the district court.

## COSTS

Each party shall bear its own costs.

## AFFIRMED.