1

**GLD-139**                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4554
_____

CHRISTOPHER JONES,

Appellant

v.

C.O. HASHAGEN;  C.O. LINHART;
JOSEPH SEMON;  SUPERINTENDENT
MICHAEL D. KLOPOTOSKI;  DR. DEMPSEY
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 4-09-cv-00887)
District Judge:  Honorable James F. McClure, Jr.
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 17, 2011

Before:  AMBRO, CHAGARES and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 24, 2011)
_____

OPINION
_____

PER CURIAM

Christopher Jones appeals the orders of the United States District Court for the Middle District of Pennsylvania dismissing claims against one defendant and granting summary judgment in favor of two others. For the following reasons, we will summarily affirm with regard to these three defendants, but will vacate in part and remand for further proceedings with regard to two additional defendants who were never served with process.

On February 5, 2008, Jones was assaulted at SCI-Dallas by Woodrow Mitchell, a fellow inmate and non-party. Jones had exited his cell and was proceeding towards the officers' desk when he was hit in the head by a television, heaved by Mitchell from a higher floor on the cell block. The impact knocked Jones to the ground, and he briefly lost consciousness. Mitchell then returned to his cell, gathering additional material (including a "converter box," a shoe, and hot water) to throw onto the prone Jones.

At least three correctional officers witnessed the incident. Officer Christopher Hashagen was on Jones's level of the cell block, and was alerted to the attack by the "loud crash" of the television, whereupon he saw "Inmate Jones falling forward with a television set rolling off of him." Unsworn Decl. of Officer Christopher Hashagen ¶ 3, ECF No. 43 Ex. 1. Hashagen looked up, and while he could not see Mitchell, he could "hear him yelling"; immediately afterward, Mitchell reappeared and continued the assault. Id. ¶ 5–6. Hashagen ordered Mitchell to stop, and Mitchell returned to his cell. Hashagen then called for assistance to take Jones to the infirmary. Id. ¶ 7–10. Officer

2

Linhert, on Mitchell's tier before the assault, was now stationed near Mitchell's cell, while Unit Manager Semon was far back in the cell block. See Depo. of Christopher Jones [hereinafter "Depo."] 12:17–24, 22:5–17, ECF No. 43 Ex. 3. However, Semon was close enough to observe both the attack and Linhert's and Hashagen's reactions. DC-804 Part 2, ECF No. 43 Ex. 6. The entire incident lasted around thirty seconds, and was over quickly. See, e.g., Unsworn Decl. of Officer Christopher Hashagen ¶ 11; Unsworn Decl. of Woodrow Mitchell ¶ 3, ECF No. 43 Ex. 4.

Following his submission of grievances,[1] Jones filed suit under 42 U.S.C. § 1983 on May 7, 2009, naming the following defendants: Officer Hashagen, Officer Linhert, Unit Manager Semon, Superintendant Michael Klopotoski, and Doctor Dempsey (the treating physician). All defendants were sued in their individual and official capacities. With regard to the first three defendants, Jones did not argue a materially different set of facts than those recited above, but instead appeared simply to view the officers' responses as insufficient. He claimed that Hashagen, Linhert, and Semon were "deliberately indifferent" during the assault for "fail[ing] to stop the attack immediately," and were moreover deliberately indifferent along with Klopotoski in "fail[ing] to take action to curb Inmate Mitchell's pattern of assaults"—in other words, he alleged that the

---

[1] Since we will affirm on the merits, we will not decide the question (which was vigorously litigated below) of whether Jones is in compliance with the exhaustion requirements of 42 U.S.C. § 1997e, on which point the District Court declined to grant summary judgment. See Jones v. Hashagen, No. 4:09-cv-00887, 2010 U.S. Dist. LEXIS 119348, at *11 (M.D. Pa. Nov. 10, 2010).

3

defendants knew that Mitchell was dangerous, and that their indifference to the threat Mitchell posed led to Jones's injury.  Compl. ¶¶ 31–32, ECF No. 1.  He separately accused Dempsey of exercising "deliberate indifference to [his] health by failing to provide adequate medical care to him following the attack by Mitchell."  Compl. ¶ 33.

Shortly after commencement, Jones moved to proceed in forma pauperis [hereinafter "IFP"].  See Appl. to Proceed IFP, ECF No. 4.  The District Court granted IFP status on June 10, 2009, instructing "the Clerk of the Court . . . [to] prepare the summons and forward it to the U.S. Marshal . . . for service upon the defendants."  Order, ECF No. 7.  However, only Hashagen, Semon, and Klopotoski returned waivers of service.  See Waiver of the Service of Summons, ECF No. 11.  Neither Dempsey nor Linhert responded, nor did they enter appearances or otherwise take part in the litigation.

The participating defendants moved to dismiss; the motion was partially granted, dismissing Klopotoski as a defendant and dismissing suits against the defendants in their official capacities.  Jones v. Hashagen, No. 4:09-cv-00887, 2010 U.S. Dist. LEXIS 2328, at *14–15 (M.D. Pa. Jan. 12, 2010).  Following the completion of discovery, Hashagen and Semon moved for summary judgment, which was granted.  Jones v. Hashagen, No. 4:09-cv-00887, 2010 U.S. Dist. LEXIS 119348, at *14 (M.D. Pa. Nov. 10, 2010).  This appeal followed.

We fully agree with the District Court's well-reasoned opinions.[2] Inasmuch as Jones attempted to maintain claims against those defendants employed by the Commonwealth in their official capacities, those claims were barred by sovereign immunity. See Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 254 (3d Cir. 2010). Jones's complaint failed to state a viable Eighth Amendment claim against Klopotoski. See Farmer v. Brennan, 511 U.S. 825, 834 (1994).[3] And, finally, the discovery material—showing, inter alia, no significant history of assault on Mitchell's part, while tending to confirm the rapid response of block officers to a brief-yet-unexpected event—demonstrated no deliberate indifference on the part of Hashagen or Semon with regard to either anticipating or stopping the assault. See Fed. R. Civ. P. 56(a); Beers-Capitol v.

---

[2] We have appellate jurisdiction under 28 U.S.C. § 1291. On appeal, "[o]ur review of a district court's decision to grant a motion to dismiss or a motion for summary judgment is plenary." Gallo v. City of Phila., 161 F.3d 217, 221 (3d Cir. 1998). We may summarily affirm under Third Circuit LAR 27.4 and I.O.P. 10.6 when it is clear that the appeal presents no substantial question. See United States v. Baptiste, 223 F.3d 188, 190 n.3 (3d Cir. 2000).

[3] Jones's claim against Klopotoski was actually dismissed without prejudice and with leave to amend, but Jones declined to file an amended complaint. To the extent that his objections to the first Report and Recommendation, in which he claimed that "Mitchel[l] had a pattern of assaults which . . . should have been known to the defendants including Klopotoski," Pet'r's Objections to Magistrate Judge's Report and Recommendation 2, ECF No. 23, could have been construed as an attempt to constructively amend the complaint, we observe that the material uncovered during discovery would compel dismissal or summary judgment in favor of Klopotoski.

Whetzel, 256 F.3d 120, 133 (3d Cir. 2001).[4]  As no substantial issue exists on these grounds, we will summarily affirm.

But Klopotoski, Hashagen, and Semon were not the only parties that Jones attempted to sue; two others, Linhert and Dempsey, were apparently never served.  When a plaintiff proceeds IFP, "[t]he officers of the court shall issue and serve all process."  28 U.S.C. § 1915(d); see also Fed. R. Civ. P. 4(c)(3).  In Young v. Quinlan, while discussing service of process in IFP cases, we wrote:

> Since the district court granted Young leave to proceed *in forma pauperis*, it was the district court's responsibility to serve process upon all defendants and thus Young should not be penalized for failure to effect service where it failed through no fault of his own. . . .  Young merely needed to request service upon the appropriate defendant and attempt to remedy any apparent service defects of which [he had] knowledge.

960 F.2d 351, 359 (3d Cir. 1992) (internal citations, quotations omitted); see also Byrd v. Stone, 94 F.3d 217, 219 (6th Cir. 1996) ("[W]hen a plaintiff is proceeding [IFP,] the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants, thereby relieving a plaintiff of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint.").

---

[4] Jones later attempted to insinuate that the officers' positions during the assault were "deliberate," presumably to slow their response times.  See Pet'r's Objections to Magistrate Judge's Report and Recommendation 2, ECF No. 51.  To the extent that these allegations were properly raised, they are entirely unsupported by the evidence and were correctly disregarded in granting summary judgment.

The District Court record fails to reveal why process was not served on the two missing defendants. When moving to dismiss, the responding defendants observed that Linhert (whose name may have been misspelled) was "improperly named [and a]s a result, that Defendant has not been identified and served yet." Br. in Supp. of Corrections Defs.' Mot. to Dismiss Pl.'s Compl. [hereinafter "MTD"] 1 n.1, ECF No. 16. But Jones claims to have been well acquainted with Linhert, who was one of the regular officers on the cell block. Depo. 21:12–24. Moreover, Semon himself identified Linhert in his response to Jones's grievance. DC-804 ("CO Linhert, who was on the upper tier, near cell 64, moved to stop Inmate Mitchell, while giving him verbal orders to stop."). With regard to Dempsey, the physician who treated Jones after the assault, the defendants averred in the present tense that he "is represented separately." MTD 1.

The District Court did not extensively address the situation in its two opinions. It originally observed that Jones did not object to the defendants' contention that Linhert was "improperly named," even though the Magistrate Judge had not addressed the issue in his report. Jones, 2010 U.S. Dist. LEXIS 2328, at *1–2 n.1. Later, it noted that "defendants Linhart [sic] and Dempsey were never served or are unidentified; at the very least, no counsel has entered an appearance on their behalf." Jones, 2010 U.S. Dist. LEXIS 119348, at *1 n.1. It made no further comment.

We disagree with the District Court's handling of this issue. The IFP statute specifically vests the responsibility for service with the court and its officers. 28 U.S.C.

7

§ 1915(d). Thus, a failure to serve should not prejudice a faultless plaintiff. See Olsen v. Mapes, 333 F.3d 1199, 1204 (10th Cir. 2003) (as "responsibility for the failure to serve . . . rests with the Marshal or with the district court," such a failure, absent showing of Plaintiff's fault, is good cause for failure to comply with rules of civil procedure); Sellers v. United States, 902 F.2d 598, 602 (7th Cir. 1990) ("[W]hen the district court instructs the Marshal to serve papers on behalf of a prisoner, the prisoner need furnish no more than the information necessary to identify the defendant . . . [and] [t]he Marshal's failure to accomplish the task is automatically 'good cause' within the meaning of Rule 4(j)."). Here, there is no indication that Jones was culpable in any sense, or that he was ever actually instructed to furnish additional information—and the cursory treatment of the issue cannot be viewed as notice sufficient to make him aware of the seriousness of non-service. This is not a case where an incarcerated plaintiff has accused a phalanx of John Does; Jones's complaint provides names and positions, while detailing the circumstances of his encounters with the various defendants. See Laurence v. Wall, 551 F.3d 92, 94 (1st Cir. 2008) (per curiam) ("The IFP plaintiff is, however, required to cooperate with the court and the United States Marshal in effectuating service, including providing the addresses of the named defendants, if needed, and completing any necessary paperwork and forms."). We must therefore conclude that it was an abuse of discretion for the District Court to constructively dismiss those defendants from the suit, cf. Ayres v. Jacobs & Crumplar, P.A., 99 F.3d 565, 568 (3d Cir. 1996); Petrucelli v. Bohringer &

Ratzinger, 46 F.3d 1298, 1308 (3d Cir. 1995), and we will vacate and remand on this

ground.[5]

---

[5] We express no opinion on the merits of Jones's claims against Linhert and Dempsey, and believe that the District Court is best positioned to decide these issues in the first instance. See In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 347–48 (3d Cir. 2010).