**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

No. 11-1787

SANDY BAEZ,

Plaintiff, Appellant,

v.

MR. CONNELLY, ET AL,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

[Hon. Mary M. Lisi, U.S. District Judge]

Before

Lynch, Chief Judge,
Torruella and Howard, Circuit Judges.

Sandy Baez on brief pro se.
Ly T. Chin, Assistant U.S. Attorney, and Peter F. Neronha,
United States Attorney, on brief for appellee.

April 19, 2012

**Per Curiam**.  After a thorough review of the record and of the parties' submissions, we vacate the district court's dismissal without prejudice of the claims against defendant/appellee John Kleczkowski ("Kleczkowski") in his individual capacity and remand the matter for further proceedings.  In all other respects, the judgment of the district court is affirmed.

We find no error in the district court's dismissal of the claims against defendants/appellees Michael Naylor ("Naylor") and Anthony Cardello ("Cardello") in their individual capacities.  For the reasons set out in the district court's Memorandum and Order dated June 16, 2011, the claim by the plaintiff/appellant, Sandy Baez ("Baez"), that Naylor used excessive force against him while transporting him is barred under Heck v. Humphrey, 512 U.S. 477 (1994).  For the same reason, the related claim against Cardello is also barred under Heck.  The claim that Naylor violated Baez's civil rights by failing to read his rights to him pursuant to Miranda v. Arizona, 384 U.S. 436 (1966), is not cognizable under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).  See Chavez v. Martinez, 538 U.S. 760, 772 (2003).  There is no authority for Baez's suggestion that Naylor's alleged violation of procedure violated Baez's constitutional rights or that it provides a basis for a Bivens claim.

We also find no error in the district court's dismissal with prejudice of the claims against Naylor, Cardello and

-2-

Kleczkowski in their official capacities.  Those claims are barred by principles of sovereign immunity.  See McCloskey v. Mueller, 446 F.3d 262, 271-72 (1st Cir. 2006).

The court did err in dismissing without prejudice the claims against Kleczkowski in his individual capacity.  While we agree with the district court's conclusion that Baez did not accomplish service of process with respect to Kleczkowski, we note that at the time the U.S. Marshal's Service was attempting to effect service of process on Baez's behalf pursuant to 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3), the case was pending in the U.S. District Court for the District of Columbia.  Accordingly, Baez (through the U.S. Marshal's Service) may have been permitted to attempt service of process pursuant to District of Columbia law. See Fed. R. Civ. P. 4(e)(1).  It appears that service of process was attempted pursuant to D.C. R. Civ. P. 4(c)(3), which provides as follows:

> [S]ervice also may be effected by mailing a copy of the summons, complaint and initial order to the person to be served by registered or certified mail, return receipt requested.

It appears, however, that the return of service was incomplete under the District of Columbia Rule.  The rule further provides:

> If service is made by registered or certified mail under paragraph (c)(3) of the Rule, the return shall be accompanied by the signed receipt attached to an affidavit which shall specifically state the caption and number of the case; the name and address of the person who posted the registered or certified letter;

-3-

> the fact that such letter contained a summons, a copy of the complaint and the initial order setting the case for an Initial Scheduling Conference; and, if the return receipt does not purport to be signed by the party named in the summons, then specific facts from which the Court can determine that the person who signed the receipt meets the appropriate qualifications for receipt of process set out in subdivisions (e) through (j) of the Rule.

D.C. R. Civ. P. 4(l)(2). The signature on Kleczkowski's signed return receipt is illegible and does not indicate whether it was signed by Kleczkowski personally or by an authorized agent. Baez did not proffer "specific facts from which the Court [could] determine that the person who signed the receipt [met] the appropriate qualifications for receipt of process[.]" Without such a proffer, it appears that service of process on Kleczkowski was not perfected.

Nevertheless, we conclude that Baez showed good cause for his failure to effect timely service on Kleczkowski and that the district court therefore was required to extend the period for service of process. See Fed. R. Civ. P. 4(m). On this record and without some further explanation, we do not think the district court should have required Baez -- a prisoner -- to provide the home addresses of the federal law enforcement agents who arrested him. A prisoner may not have access to an arresting officer's residential address; serious security concerns might arise if a prisoner were able to obtain that information. It may be reasonable to require a prisoner to provide a business address for

-4-

a law enforcement officer, and Baez did that. That should have been sufficient. With Kleczkowski's full name and his business address, it would seem that the U.S. Marshal's Service likely would have been able to accomplish service of process pursuant to Rule 4(e)(2)(A) if the district court had directed the Service to make further attempts. If the Marshal's Service had been unable to serve Kleczkowski personally pursuant to Rule 4(e)(2)(A), a deputy U.S. Marshal could have requested a home address for Kleczkowski from the local Drug Enforcement Agency ("DEA") headquarters in order to attempt service pursuant to Rule 4(e)(2)(B). The Marshal's Service might even have attempted to obtain a waiver of service from Kleczkowski pursuant to Fed. R. Civ. P. 4(d). The district court abused its discretion when it placed the onus on the prisoner for providing the defendants' home addresses. See Laurence v. Hall, 551 F.3d at 94 ("[A] plaintiff proceeding [in forma pauperis] shows good cause [for failing to effect timely service of process] when either the district court or the United States Marshals Service fails to fulfill its obligations under section 1915(d) and Rule 4(c)(3).").

Finally, we conclude that the district court did not abuse its discretion in refusing to extend the time for service of process on defendants Connelly and McNutty. Baez did not provide a first name for either defendant and provided two different spellings for each last name. He first told the court that McNutty

-5-

was a DEA agent and that Connelly worked for the Warwick, Rhode Island Police Department; he later told the court that both individuals worked for the Providence, Rhode Island Police Department. This information was not sufficient to allow the U.S. Marshal's Service to complete service of process. We take no position on whether our analysis would have been different had Baez requested preliminary discovery in order to obtain more identifying information for these two defendants and had the district court denied the request.

The judgment in favor of defendant/appellee John Kleczkowski in his individual capacity is vacated and the case is remanded for further proceedings consistent with this Opinion. In all other respects, the judgment of the district court is affirmed.