NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2220
_____

CHRISTOPHER JONES,
                              Appellant

v.

C.O. HASHAGEN; JOSEPH SEMON; SUPERINTENDENT MICHAEL D.
KLOPOTOSKI; DR. DEMPSEY; C.O. LINDLER

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 4-09-cv-00887)
District Judge:  Honorable Christopher C. Conner
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 3, 2012

Before:  AMBRO, HARDIMAN and ROTH, Circuit Judges

(Opinion filed: January 31, 2013)
_____

OPINION
_____

PER CURIAM

Pro se appellant Christopher Jones seeks review of the District Court's order

dismissing his civil rights claims.  For the reasons discussed below, we will affirm.

Jones, a Pennsylvania state prisoner, filed suit pursuant to 42 U.S.C. § 1983 against four officials at the State Correctional Institution at Dallas (SCI-Dallas) and Dr. William J. Dempsey. Jones alleged that the prison officials violated his civil rights when they failed to protect him from an inmate assault, and that Dempsey violated his Eighth Amendment right to be free of cruel and unusual punishment when he provided inadequate medical care. The defendants were sued in both their individual and official capacities. The District Court dismissed the claims against one prison official, and granted summary judgment in favor of two others. We summarily affirmed in part as to these officials, but vacated the "constructive dismissal" of two remaining defendants, C.O. Lindler and Dempsey, because they had not been properly served; the case was remanded for further proceedings. Jones v. Hashagen, 419 F. App'x 141 (3d Cir. 2011). On remand, the District Court dismissed the complaint as to both Lindler and Dempsey after determining that, to the extent they were sued in their official capacities, they were entitled to Eleventh Amendment immunity, and the claims against them in their individual capacities had been procedurally defaulted. This appeal ensued.

We have appellate jurisdiction under 28 U.S.C. § 1291. Our review of a District Court's order granting a motion to dismiss is plenary. Spruill v. Gillis, 372 F.3d 218, 226 (3d Cir. 2004). In granting Dempsey's motion to dismiss, the District Court considered matters outside the pleadings, thereby converting the dismissal into a grant of summary

2

judgment pursuant to Fed. R. Civ. P. 56. [1] Cent. Contracting Co. v. Md. Cas. Co., 367 F.2d 341, 343 (3d Cir. 1966). We exercise plenary review over an order granting summary judgment. DeHart v. Horn, 390 F.3d 262, 267 (3d Cir. 2004). Summary judgment is proper where, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; Kaucher v. Cnty. of Bucks, 455 F.3d 418, 422-23 (3d Cir. 2006).

As an initial matter, we must determine the issues before us. The District Court determined that Jones had procedurally defaulted his individual capacity claims against both defendants. See Spruill, 372 F.3d at 227-32 (an inmate's failure to comply with the procedural requirements of the applicable prison's grievance system results in a procedural default of the claim). Both Appellees argue that Jones' failure to address the issue of procedural default in his brief constitutes waiver of that issue on appeal. An appellant's failure to raise an issue on appeal generally constitutes waiver of that issue. United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005). Several courts have

_____

[1] Fed. R. Civ. P. 56 (f) provides that a party must have notice and an opportunity to respond to a motion for summary judgment. Dempsey's motion was strictly labeled a Motion to Dismiss. Although the District Court directed Jones to respond to the motion, it did not directly notify him that it intended to treat it as a motion for summary judgment. Nevertheless, Jones responded to it as though it were a motion for summary judgment. In the caption, and throughout his response, Jones repeatedly referred to Dempsey's motion as a "Motion to Dismiss/Summary Judgment." He also attached exhibits in support of his motion, to counter the affidavit attached to Dempsey's Motion to Dismiss. Accordingly, we find that Jones was afforded the procedural protections of Rule 56.

3

recognized that, absent exceptional circumstances, this rule applies to pro se litigants as well. See Al-Ra'id v. Ingle, 69 F.3d 28, 31 (5th Cir. 1995) (deeming issued waived by pro se appellant for failure to address it in his brief); Anderson v. Hardman, 241 F.3d 544, 545 (7th Cir. 2001) (dismissing appeal where brief failed to include "cogent arguments"); Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam). In a briefing order, we *specifically directed* the parties to address the procedural default issue. Jones neglected to do so. In these circumstances, we do not hesitate to conclude that Jones waived any arguments concerning procedural default. Jones, we note, did not even respond to the waiver argument in his reply brief. We certainly see nothing exceptional enough to prevent a determination of waiver. Thus, Jones has abandoned the procedural default issue as to the claims against the defendants in their individual capacities.

The remaining issue before us is whether the District Court properly dismissed Jones' claims against the defendants in their official capacities. We agree with the District Court that the claim for money damages against defendant Lindler in his official capacity is barred by sovereign immunity. See Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 254 (3d Cir. 2010). That immunity runs to state officials if they are sued in their official capacity and the state is the real party upon which liability is to be imposed. Scheuer v. Rhodes, 416 U.S. 232, 237-38 (1974). This immunity, afforded by the Eleventh Amendment, can only be abrogated by Congress or by state consent. See Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54-55 (1996). Congress has not abrogated

the immunity regarding Jones' claims, nor has Pennsylvania consented to suit.  See 42

Pa. C.S.A. § 8521(b).

The District Court determined that Dempsey was also immune from suit under the

Eleventh Amendment after determining that he was a "state actor."  See West v. Atkins,

487 U.S. 42, 54-57 (1988) (finding a physician who voluntarily contracted with the state

to provide medical services to inmates was a "state actor" within the meaning of § 1983).

The District Court relied heavily on the Fourth Circuit's decision in Conner v. Donnelly,

42 F.3d 220, 225 (4th Cir. 1994), where a physician who was not under contract with the

state, but had voluntarily agreed to treat an inmate for orthopedic care on four separate

occasions over a six month period, was deemed a "state actor" for § 1983 purposes.

Jones' case strikes us as closer to the facts found in Rodriquez v. Plymouth Ambulance

Serv., 577 F.3d 816, 827 (7th Cir. 2009), however, where the Seventh Circuit concluded

that a private medical provider did not become a state actor merely by providing

treatment in an emergent care setting.[2]  We need not decide the issue, however, because

we conclude, as the District Court did, that if Dempsey is a "state actor" on behalf of

SCI-Dallas, he is immune from suit in his official capacity, and if he is not, then he

---

[2] Dempsey admitted that his name appears on the medical chart, but maintained in his affidavit that he did not examine or treat Jones.  Attached to his response, Jones included an exhibit which indicated that Dempsey's name was on his medical bracelet.  Even assuming he treated Jones' medical needs, it is unclear whether Dempsey *voluntarily* assumed the state's responsibility to do so.  See Rodriguez, 577 F.3d at 827 (providers "that have only an incidental and transitory relationship with the state's penal system usually cannot be said to have accepted, voluntarily, the [state's] responsibility" to care for the inmate's medical needs).

cannot be subject to liability under § 1983.  See Hafer v. Melo, 502 U.S. 21, 25-26

(1991).  Accordingly, we will affirm the District Court's order dismissing the complaint.