**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 18-3238 and 18-3540
(consolidated for disposition)
_____

GILBERT M. MARTINEZ,
                              Appellant

v.

EAGLE DISPOSAL; RAHNS TRUCKING INC.;
PENSKE TRUCKS; EASTON COACH;
BARTER BUSES; ESTERLY CONCRETE CO.;
NEW ENTERPRISES STONE & LIME CO., INC.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5-17-cv-03264)
District Judge:  Honorable Jeffrey L. Schmehl
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 3, 2019

Before:  KRAUSE, SCIRICA and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 8, 2019)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Before us are two appeals filed by Gilbert Martinez. The first is an appeal from an order denying his motion for a preliminary injunction, docketed at C.A. No. 18-3238. The second is an appeal from the final judgment in the same case, docketed at C.A. No. 18-3540.[1] We will dismiss the appeal at C.A. No. 18-3238 as moot, and will affirm the District Court's judgment in part, and remand for further proceedings.

I.

Martinez filed a lawsuit against a federal judge, the United States of America, the Federal Bureau of Investigation, and several of his former or prospective employers. Soon after he filed his complaint, he filed a motion for injunctive relief, seeking to be reinstated as an employee at one of the defendant companies, seeking back pay from several past employers, and asking the Court to "enjoin the F.B.I. From continuing wiretaps without probable cause and to cease all interference with plaintiffs [sic] employment rights." Dkt. #10 at 7. On September 11, 2018, the District Court denied the motion, see Dkt. #31, and Martinez appealed, see Dkt. #34. Soon thereafter, the District Court entered its final order, described below, dismissing Martinez's complaint for failure to state a claim upon which relief could be granted.

Although the denial of a motion for a preliminary injunction is generally immediately appealable, see 28 U.S.C. § 1292, disposition of the appeal from a final

---

[1] As the caption reflects, the two appeals have been consolidated for disposition.

order that was entered during the pendency of the interlocutory appeal renders the interlocutory appeal moot. See Doe ex rel. Doe v. Governor of New Jersey, 783 F.3d 150, 151 n.1 (3d Cir. 2015). "In light of our affirmance of the final order of the District Court," we need not address the appeal from the September 11, 2018 order, "and we will dismiss that appeal as moot." Id.

## II.

At the outset of this case, the District Court considered Martinez's initial complaint under the screening provisions of 28 U.S.C. § 1915(e), dismissing the United States, the FBI, and the federal judge with prejudice. The Court explained to Martinez the deficiencies in the complaint against the remaining Defendants, and allowed him thirty days in which to file an amended complaint as to those Defendants. Dkt. #2. Martinez filed an amended complaint, but then filed a motion to amend the complaint once again. The District Court granted Martinez's motion to file the Second Amended Complaint ("SAC"). Dkt. #15. Defendants Rahns Trucking, Inc., New Enterprise Stone & Lime Co., Inc., and Easton Coach filed motions to dismiss. See Dkt. #24, #26, and #28.

On October 26, 2018, the District Court granted those motions to dismiss and dismissed the SAC with prejudice, determining that any further amendment would be futile. Dkt. #38. The District Court's memorandum opinion also stated that "[a] review

of the dockets shows that the other four defendants have not been properly served."  Dkt. #37 at 2.  Martinez timely appealed.

## III.

We have jurisdiction to consider the District Court's order entered October 26, 2018, under 28 U.S.C. § 1291.  Although the District Court did not expressly dismiss Defendants Penske Trucks, Barter Buses, Esterly Concrete Co., and Eagle Disposal in that order, those Defendants were never served with any of Martinez's complaints, and "a named defendant who has not been served is not a 'party' within the meaning of Rule 54(b)" of the Federal Rules of Civil Procedure.  See Gomez v. Gov't of Virgin Islands, 882 F.2d 733, 736 (3d Cir. 1989).  The District Court's October 26 order thus is final as to all claims and parties, and we have authority to review it.

We turn first to the issue of the four Defendants that were not served.  Martinez argues on appeal that the District Court abused its discretion by, in essence, dismissing Penske Trucks, Barter Buses, Esterly Concrete Co., and Eagle Disposal because they had not been properly served.  Martinez asserts that he "followed the courts [sic] instructions, thus setting forth the proper forms to the U.S. Marshall [sic] for service, which opted to not serve the remainder defendants, appearing to be by the direction of the district court."  Appellant's Brief at 4.

A court may dismiss an action in its entirety or as to certain defendants, without prejudice, if some or all defendants are not served within 90 days after the complaint is

4

filed. Fed. R. Civ. P. 4(m). Because Martinez was proceeding in forma pauperis ("IFP") in the District Court, the United States Marshal was responsible for service of the SAC. See 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). "Under Rule 4(m) of the Federal Rules of Civil Procedure, when a plaintiff shows 'good cause' for failing to effect service within 120 days [now 90 days] after the complaint is filed, 'the court must extend the time for service for an appropriate period.'" Laurence v. Wall, 551 F.3d 92, 94 (1st Cir. 2008). And when a plaintiff is proceeding IFP, the plaintiff "shows good cause when either the district court or the United States Marshals Service fails to fulfill its obligations under section 1915(d) and Rule 4(c)(3)." Id.; see also Welch v. Folsom, 925 F.2d 666, 670 (3d Cir. 1991). Of course, it may be that the Marshal was unable to serve the four Defendants because Martinez provided incorrect or inadequate information. See, e.g., Johnson v. U.S. Postal Serv., 861 F.2d 1475, 1480 (10th Cir. 1988) (affirming dismissal of unserved defendants where the "problems ar[o]se not from inadequate service, but from an inadequate complaint" that failed to name the proper defendant). But the record here is silent as to the reason that the four Defendants were not served. See Olsen v. Mapes, 333 F.3d 1199, 1205 (10th Cir. 2003) (reversing dismissal of claims against unserved parties where "there [was] no evidence in the record that Plaintiffs failed to cooperate with the U.S. Marshals or were otherwise not entitled to their service"). Moreover, a sua sponte dismissal for lack of service must be without prejudice and must be preceded by notice to the plaintiff. Fed. R. Civ. P. 4(m). We therefore will vacate the

5

District Court's judgment to the extent that it dismissed Martinez's SAC with prejudice against the four unserved Defendants.

## IV.

We turn next to the District Court's orders dealing with Judge Edward G. Smith and the FBI.[2]  We review de novo the District Court's dismissal order based on immunity.  Giuffre v. Bissell, 31 F.3d 1241, 1251 (3d Cir. 1994).

As noted, the District Court dismissed these two parties on initial screening under 28 U.S.C. § 1915(e).  Dkt. #2.  After Martinez again named them as defendants in his amended complaints, Judge Smith and the FBI filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6), see Dkt. #11, which the District Court granted, see Dkt. #15.  We agree with the District Court's decision to dismiss these parties on screening.  See 28 U.S.C. § 1915(e)(2)(B)(iii) (directing courts to dismiss a case if the court determines that the complaint "seeks monetary relief against a defendant who is immune from such relief").  First, as the District Court noted, a judge has absolute immunity for actions performed in a judicial capacity.  See Stump v. Sparkman, 435 U.S. 349, 356-57 (1978).  And Martinez's claims for damages against the FBI are barred by sovereign immunity.  See Treasurer of New Jersey v. U.S. Dep't of Treasury, 684 F.3d 382, 395 (3d Cir. 2012)

---

[2] Those orders also dismissed the United States as a party.  Because Martinez did not raise any claims against the United States that were distinct from those against the federal judge and the FBI, we will discuss only those two parties.

6

("Without a waiver of sovereign immunity, a court is without subject matter jurisdiction over claims against federal agencies or officials in their official capacities.").[3] The District Court thus did not err in dismissing the complaint as to Judge Smith and the FBI under § 1915(e)(2)(B).[4]

Martinez subsequently filed a request for relief under Rule 60(b) of the Federal Rules of Civil Procedure, in which he claimed that the order dismissing Judge Smith and the FBI was legally void, because it purportedly failed to include a "conclusion of law." Dkt. #25. Although Martinez claims on appeal that the District Court failed to "dissolve" his Rule 60(b) motion, the record clearly reflects that the District Court denied his motion. Dkt. #39. Further, in its initial order dismissing the parties, the District Court provided its legal basis for dismissing the complaint as to Judge Smith and the FBI, and Martinez gave the District Court no valid reason for revisiting that decision.

We now turn to the District Court orders granting the remaining Defendants' motions to dismiss. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

---

[3] To the extent Martinez sought injunctive relief against the FBI, his complaint was properly dismissed as his claims that the FBI was wiretapping him and was conspiring with the corporate Defendants were not plausible. See 28 U.S.C. § 1915(e)(2)(B)(i).

[4] And of course, the judge's *absolute* immunity could not be altered by Martinez's SAC, nor did the SAC indicate any law by which the FBI might have waived its immunity. Thus, the District Court also properly granted the Rule 12(b)(6) motion to dismiss filed by Judge Smith and the FBI.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  We have little to add to the District Court's thorough opinion explaining why Martinez's SAC failed to state a claim upon which relief could be granted.[5]

As the District Court noted, in order to bring claims under Title VII and the Americans with Disabilities Act, Martinez was required to exhaust administrative remedies before filing his complaint, which he did not do.[6]  See Williams v. Pa. Human Relations Comm'n, 870 F.3d 294, 298 & nn.18-19 (3d Cir. 2017).  Thus, the District Court properly dismissed all claims under those two statutes.

The District Court also properly dismissed Martinez's claims under various sections of Title 42.  Martinez acknowledges that none of his claims are based on racial discrimination.  See, e.g., Dkt. #25 at 3.  Section 1981 of Title 42 "on its face, is limited to issues of racial discrimination in the making and enforcing of contracts."  See Anjelino v. New York Times Co., 200 F.3d 73, 98 (3d Cir. 1999).  Martinez's claims under § 1985 were also subject to dismissal.  That statute contains three subparts.  Section 1985(1) is

---

[5] Martinez also argues in his brief, incorrectly, that the District Court failed to note that Easton Coach's motion to dismiss was untimely.  We agree with Easton Coach's argument that even if a 21-day time limit applies to a Rule 12(b)(6) motion, its motion *was* filed within 21 days.

[6] Also, the SAC fails to state a claim under Title VII as Martinez did not allege that he was discriminated against on the basis of race, color, religion, sex, or national origin.  See 42 U.S.C. § 2000e-2(a).

clearly inapplicable here, as it "prohibits two or more persons from interfering with a federal officer's performance of his duties." Desi's Pizza, Inc. v. City of Wilkes-Barre, 321 F.3d 411, 423 n.1 (3d Cir. 2003) (internal quotation marks omitted). Sections 1985(2) and (3) do not apply here either because, inter alia, Martinez has not alleged that the Defendants "colluded with the requisite racial[] or . . . otherwise class-based, invidiously discriminatory animus." See Davis v. Twp. of Hillside, 190 F.3d 167, 171 (3d Cir. 1999) (internal quotation marks omitted) (discussing § 1985(2)); Farber v. City of Paterson, 440 F.3d 131, 135 (3d Cir. 2006) (discussing § 1985(3)). And his claims under section 1986 fail, given his failure to establish the elements of a claim under section 1985. See Clark v. Clabaugh, 20 F.3d 1290, 1295-96, 1295 n.5 (3d Cir. 1994).

For these reasons, the additional reasons given by the District Court, and those stated in the margin below, we agree that Martinez's SAC failed to state a claim upon which relief could be granted.[7] We thus will affirm the District Court's judgment as to the Defendants who were served with the complaint.

---

[7] Martinez has waived any challenge to the District Court's dismissal of his claims under the Seventh, Ninth, and Fourteenth Amendments, the criminal statutes specified in the SAC, the Fair Labor Standards Act, the Equal Employment Opportunity Act, the Lilly Ledbetter Fair Pay Act, and the Equal Pay Act, as he did not raise those issues in his opening brief. See Kopec v. Tate, 361 F.3d 772, 775 n.5 (3d Cir. 2004) ("An issue is waived unless a party raises it in its opening brief, and for those purposes a passing reference to an issue . . . will not suffice to bring that issue before this court") (quoting Laborers' Int'l Union v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994)). In any event, we conclude that those claims were properly dismissed for the reasons stated by the District Court. To the extent Martinez attempts in his appellate brief to raise new

To the extent the District Court dismissed the complaint as to Penske Trucks, Barter Buses, Esterly Concrete Co., and Eagle Disposal, we will vacate that order and remand for further proceedings. After providing Martinez an opportunity to respond, the District Court should consider whether Martinez has established good cause for failure to serve the SAC on those parties, see Olsen, 333 F.3d at 1205, and then consider whether further proceedings are necessary. We express no opinion as to the sufficiency or merit of Martinez's claims against those parties.

---

claims against the Defendants, those claims are not properly before us. See, e.g., In re Reliant Energy Channelview LP, 594 F.3d 200, 209 (3d Cir. 2010).